# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TOM ZANINI,

    Petitioner,

    v.

TROY WILLIAMSON,

    Respondent.

CIVIL ACTION NO. 3:06-CV-0982

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewett's Report and Recommendation (Doc. 4) and Zanini's Objections to the Magistrate Judge's Report and Recommendation (Doc. 9). For the reasons set forth below, the Court will reject the Report and Recommendation. As such, the Petitioner's motion for a hearing will be granted.

## BACKGROUND

Petitioner, Tom Zanini, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, filed a Petition for Writ of Habeas Corpus on May 15, 2006, pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner attached several typewritten continuation pages to his habeas petition. (Doc. 1 pp 8-23.) Petitioner essentially challenged the November 23, 2005 decision to rescind his parole grant effective date of April 24, 2006, and to continue to a presumptive parole date of January 24, 2008, by the United States Parole Commission ("USPC") with respect to his sentence for a December 12, 1997 criminal conviction in the District of Columbia ("D.C.") Superior Court for attempted second degree burglary and unauthorized use of a motor vehicle. (Doc. 1 pp. 16-17.)

On December 12, 1997, after a jury found him guilty, Petitioner was sentenced by the

D.C. Superior Court to a ten year sentence. (Doc. 1 p. 20.)  Petitioner directly appealed his judgment of conviction to the D.C. Court of Appeals.  (Doc. 1, p. 3).  Petitioner does not indicate if he filed a Motion for Reduction of Sentence under D.C. Code § 23-110 with the D.C. Superior Court.

Petitioner was granted parole regarding his D.C. sentence for his stated D.C. Code violations 22-103 and 22-3815.  The conditions of his D.C. parole are not "upon the record."  (*Id*. p. 17.)  Seemingly, when Petitioner became eligible for parole, subsequent to August 5, 2000, the USPC had been given authority, pursuant to the Revitalization Act, over his case and authority to issue parole violation warrants.  (*Id*. p. 16.)  Petitioner implies that he was granted parole.

On November 17, 2003, a parole violation warrant was executed by the USPC for Petitioner for allegedly violating a condition of his D.C. Parole.  Petitioner had a parole revocation hearing on February 4, 2004 before the USPC.  Petitioner states that on November 23, 2005, the USPC issued a Notice of Action and ordered: "Rescind presumptive date of April 24, 2006.  Continue to presumptive parole January 24, 2008.  Reason: Your current rescission behavior was (Fighting)."  (*Id*.)

On June 5, 2006, Magistrate Judge Blewitt issued his Report and Recommendation denying claims 1-4, 6, and 7 of Petitioner.  (Doc. 4 p. 17.)  In response to this, Petitioner filed his Motion in Opposition and Objection to the United States Magistrate Judge Thomas M. Blewitt Report and Recommendation on July 10, 2006.  (Doc. 9.)

**LEGAL STANDARD**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)(citing 28 U.S.C. §636(b)(1)(C)), provided the objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

Petitioner raises seven (7) claims in the instant Habeas Petition. These claims are as follows:

> Claim One, abuse of discretion by USPC in depriving Petitioner his due process rights during his February 4, 2004 parole revocation hearing since no specific statutory offense was cited. USPC only indicated that Petitioner's violation behavior was fleeing and attempting to elude police officer. Petitioner states that this was a Pennsylvania State offense, not a D.C. Code offense, and not a condition of his D.C. parole. Petitioner did not violate any condition of his D.C. parole. The revocation hearing was conducted in a

3

manner in which Petitioner was denied his rights since the charge for his parole violation was fleeing and attempting to elude police officer, but the hearing examiner found he committed a Pennsylvania State law violation of aggravated assault on a police officer without any cite to the Pennsylvania statute. (Doc. 1, pp. 9-11). Petitioner concludes that "it was objectively unreasonable for the [USPC] to revoke Petitioner Tom Zanini, parole and set a 32 months (sic) set-off for a state offense, which has no specific statue." (*Id*., p. 12).

Claim Two, the USPC acted beyond its authority and abused its discretion by failing to apply D.C. parole laws with respect to his parole revocation.

Claim Three, impermissible discrimination, equal protection, and due process violation by USPC since it allows federal law convicted offenders the right to appeal an adverse parole decision but not the D. C. Code offenders such as he. (*Id*., pp. 12, 14, 15).

Claim Four, abuse of discretion by USPC because it revoked Petitioner's parole based on an offense that was not a D.C. offense, and thus the USPC lacked jurisdiction to revoke Petitioner's parole. (*Id*., p. 16).

Claim Five, USPC violated the *Ex Post Facto* Clause because it failed to apply the D.C. parole guidelines and regulations in effect at the time of Petitioner's D.C. Code conviction. Petitioner claims that the USPC retroactively applied the federal parole guidelines and regulations, as amended in August 2000, to him. Petitioner states that the *Ex Post Facto* Clause was violated since his parole was revoked and he received a 53-month set-off based on an offense that was not a D.C. Code offense. (*Id*., p. 21). Petitioner also claims that the USPC engaged in double counting with respect to its November 2005 Notice of Action setting his presumptive parole date as January 24, 2008, since it improperly calculated his salient factor score, severity rating, and total point score, and by failing to give him credit (points) for program achievement. Thus, Petitioner claims that the USPC engaged in double counting based on erroneous information to determine his salient factor score and total point score. (*Id*., p. 19, 21).

Claim Six, Petitioner claims that his rights were violated because the USPC failed to comply with his November 30, 2005 FOIA request under 5 U.S.C. § 552, *et seq*., for a copy of all information contained in his parole file the Commission used to obtain the

> parole violation warrant against him, his revocation hearing tape, a copy of his D.C. parole conditions of release, and a copy of all documentary evidence which the USPC used to make its decision to deny (revoke) his parole and impose a 53-month set-off with a presumptive parole date of January 24, 2008. (*Id*., p. 22).
>
> Claim Seven, as his final claim, Petitioner states that his current detention is contrary to federal law since the USPC issued an illegal federal parole violation warrant due to the fact that it was based on an offense that was not a D.C. Code offense, *i.e.* attempting to flee or elude a police officer inviolation of Pennsylvania state law. (*Id*., p. 23).

The primary case relied upon by Magistrate Judge Blewitt in his Report and Recommendation was *Reynolds v. Williamson*, 2005 WL 3050154. (M.D. Pa. 2005). That case states that "the Constitution itself does not create any liberty interest in parole." *Id.* However, the Reynolds case, as well as the rest of the cases relied upon by the Magistrate Judge deal with the decision to grant or deny parole. On the other hand, the case at hand deals with a revocation of parole. According to the Supreme Court in Morrissey v. Brewer, 408 U.S. 471 (1971), "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others." *Id.* The Supreme Court then outlined the six (6) minimum requirements of due process:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. The Supreme Court also states that "a parolee cannot relitigate issues

5

determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Id*. at 490.

Given the lack of a record before the court as to the conditions of Petitioner's parole, the Magistrate Judge was not in a position to summarily reject Claim One, Two, Four, or Seven. Without knowledge of the conditions of Petitioner's parole, or of the record of the hearing conducted on revoking his parole, there can be no way to determine if the due process rights of the Petitioner were violated. Therefore, each of these issues should be recommitted to the Magistrate Judge so that a hearing can be conducted to determine whether any of Petitioner's claims has merit.

In regard to Petitioner's Claim Three, the Magistrate Judge relied on *Moore v. Bledsoe*, 2005 WL 270979 (W.D. Va. 2005), as well as *Moss v. Clark*, 886 F.2d 686 (4th Cir. 1989). The *Moore* court relied on *Moss* for its determination that prisoners convicted under District of Columbia law and under federal supervision, and those convicted under federal laws and under federal supervision, are not similarly situated. *Id*. That interpretation of *Moss* is inaccurate. The United States Court of Appeals for the Fourth Circuit stated in *Moss* "[w]e reject appellees' contention[1] that inmates incarcerated in District and federal facilities are in fact so similarly situated that different treatment of them defies rational explanation." *Moss*, 886 F.2d at 691. The holding is that the standing between D.C. inmates in federal custody and D.C. inmates in the custody of the District of Columbia is not so similar as to *per*

---

[1] Appellees' contention was that, even under a rational review standard, those convicted of D.C. law held in federal custody and those convicted of D.C. law held in D.C. custody were so similarly situated that there could be no possible justification for unequal treatment.

*se* refute any possible rationale provided by the government. Based on that holding, the proper course of action here is to evaluate Petitioner's claim according to the standards of all other similarly situated parties not involving a fundamental right or suspect class, such as race, gender, or national origin. Therefore, the government should be required to provide some rational explanation for the difference in Administrative Appellate rights. This issue should also be recommitted to the Magistrate Judge.

Finally, in claim six, Petitioner raises the issue of whether his rights were violated because of the USPC's failure to comply with the FOIA. According to the FOIA:

> **(3)(A)** Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

5 U.S.C. § 552 (1970). For the purpose of this statute, "agency" is defined as, "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551 (1970). Therefore, the USPC would be required to submit to a FOIA request for documents, provided such a request meets the requirements of 5 U.S.C. § 552 and the requested documents do not fall within some exception to the FOIA. As the court has not been provided with any stated reason for the denial of these documents, Petitioner shall be granted his motion under claim six. However, the government shall still have the opportunity to present reasons why Petitioner's request should not be granted. Accordingly, this issue will likewise be determined by the Magistrate Judge.

## CONCLUSION

For the reasons set forth above, the Court will reject Magistrate Judge Thomas M. Blewitt's Report and Recommendation, and the case will be recommitted to Magistrate Judge Blewitt to proceed accordingly.

An appropriate Order will follow.

| | |
|---|---|
| October 3, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TOM ZANINI,

    Petitioner,

    v.

TROY WILLIAMSON,

    Respondent.

CIVIL ACTION NO. 3:06-CV-0982

(JUDGE CAPUTO)

## ORDER

**NOW,** this 3rd day of October, 2006, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 4) for plain error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

(1)     The Report and Recommendation is hereby **REJECTED**.

(2)     Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. 9) is **GRANTED**.

(3)     This case is **RECOMMITTED** to Magistrate Judge Thomas M. Blewitt for further proceedings consistent with the foregoing Memorandum.

                                       /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge