# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TOM ZANINI,

    Petitioner,

    v.

TROY WILLIAMSON

    Respondent.

CIVIL ACTION: 3:06-CV-0982

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation ("R&R") of June 5, 2008 (Doc. 29) and Petitioner Tom Zanini's Objections to the Magistrate Judge's R&R (Doc. 34). Magistrate Judge Blewitt recommended that Petitioner's Petition for Writ of Habeas Corpus be denied with respect to all claims. The Court also has before it a July 10, 2008 motion by Petitioner styled as a "Motion for Relief and/or Action on said civil claim." (Doc. 32.) For reasons set forth below, the Court will vacate its June 25, 2008 Order without Memorandum adopting Magistrate Judge Blewitt's R&R and denying the Petition in order to allow consideration of Petitioner's Objections. (Doc. 30.) However, after reviewing the Objections, the Court again adopts the Magistrate Judge's recommendation that all claims be dismissed and the petition denied. Petitioner's Motion for Relief and/or Action (Doc. 32) will be denied as moot.

**BACKGROUND**

**I.    Factual Background**

The factual background of this case has been laid out extensively in Magistrate Judge Blewitt's R&R (Doc. 29) and need not be wholly revisited here. For current purposes, it is important to note that Petitioner is currently incarcerated, and, at the time of filing a petition for habeas relief, was a prisoner at the United States Penitentiary at Lewisburg, Pennsylvania ("USP Lewisburg"). (R&R 1, Doc. 29.) He was sentenced to a ten (10) year term of imprisonment by the District of Columbia Superior Court on December 1, 1997 for attempted burglary and unauthorized use of a motor vehicle. (Resp. to Pet. 2, Doc. 18.) He was subsequently transferred to the jurisdiction of the United State Parole Commission ("the Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997); D.C. CODE § 24-131 (2008).

Petitioner was granted parole and released on May 13, 2003. (R&R 4, Doc. 29.) On August 7, 2003, the Commission issued a parole violation warrant for numerous alleged violations of Petitioner's parole conditions. (*Id*. at 5.) The warrant was executed November 17, 2003 and Petitioner received a preliminary interview on December 3, 2003. (Resp. to Pet. Exs. 1, 3, Doc. 18.) On February 10, 2004, he received a revocation hearing and his parole was revoked by the Commission through a Notice of Action on February 26, 2004. (*Id.* Exs. 8, 9.) In addition, the Notice of Action noted that none of Petitioner's time spent on parole would be credited; gave a presumptive re-parole date of April 4, 2006, after service of thirty-two (32) months; and scheduled a review hearing for

2

August 2005.  (*Id*. Ex. 9.)  Petitioner was returned to custody and a recalculated sentence of two thousand two hundred twenty-five (2,225) days was imposed, reflecting the remaining time he had to serve on his original sentence.  (*Id*. Ex. 1.)

On October 25, 2005, the Commission held a parole rescission hearing based on a Bureau of Prisons Incident Report issued against Petitioner for fighting.  (*Id*. Ex. 10.)  On November 23, 2005, the Commission issued a Notice of Action continuing his presumptive re-parole date an additional twenty-one (21) months to January 24, 2008.

## I.   Procedural Background

Petitioner filed the present habeas petition against Troy Williamson, warden of USP Lewisburg, on May 15, 2006, under 28 U.S.C. § 2241,[1] challenging the Commission's 2004 revocation and 2005 rescission decisions on numerous grounds.  (Doc. 1.)  Magistrate Judge Blewitt issued a Report & Recommendation on June 5, 2006, recommending the denial of all but Petitioner's *ex post facto* claim.  (Doc. 4.)  After an extension of time, Petitioner filed Objections to this R&R on July 11, 2006.  (Doc. 9.)  On October 3, 2006, this Court issued an Order rejecting the R&R and recommitting the case to the Magistrate Judge for further proceedings.  (Doc. 13.)

On October 6, 2006, Magistrate Judge Blewitt issued an Order to Show Cause to

---

[1]   Challenges by a petitioner in federal custody concerning parole decisions go to the execution of a sentence and are properly brought against petitioner's custodian under 28 U.S.C. § 2241.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (§ 2241 allows federal prisoner to challenge the execution of sentence, such as the denial of parole); *United States v. Furman*, 112 F.3d 435, 438-39 (10th Cir. 1997) (challenges by federal prisoner concerning good-time credit and parole procedure go to execution of sentence and should be brought under § 2241).

3

Respondent, who then submitted a Response to the habeas petition, including numerous exhibits. (Docs. 14, 18.) After an extension of time, Petitioner filed his Traverse to the Response on December 12, 2006. (Doc. 23.) Based on this expanded record, Magistrate Judge Blewitt issued the current R&R on June 5, 2008, which was sent to Petitioner's address of record. (Doc. 29.) After receiving no objections from Petitioner, this Court adopted the R&R by Order on June 25, 2008. (Doc. 30.) On July 1, 2008, the copy of the R&R sent to Petitioner was returned as undeliverable. (Doc. 31.) On July 10, 2008, Petitioner notified the Court that he was currently incarcerated in Las Vegas, giving an updated address and also filing a "Motion for Relief and/or Action on said civil claim" which asked that action be taken on his Petition. (Doc. 32.) The R&R was re-sent to him at the updated address and he filed Objections on July 25, 2008. (Doc. 34.) Because of the delivery error, the Court will vacate its June 25 Order (Doc. 30) and consider Petitioner's objections. Respondent filed a Brief in Opposition to Petitioner's Objections on August 12, 2008 (Doc. 35) and no reply has been filed. This matter is ripe for review.

## STANDARD OF REVIEW

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C) (2008), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute

4

permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no objections are filed); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

## DISCUSSION

### I.      Recommendations with Objection

Petitioner does not refer his objection to a specific recommendation by Magistrate Judge Blewitt.  Rather, he argues that he is being unlawfully held beyond the expiration of his ten (10) year sentence, a claim he did not raise in his Petition.  The Commission argues that his objection attacks Magistrate Judge Blewitt's recommendation to deny his *ex post facto* claim, in which he challenges the Commission decisions resulting in a presumptive re-parole date fifty-three (53) months after his 2004 parole revocation.  After reviewing Petitioner's submissions to the Court, it is clear that he believes his sentence

expired in 2007 and that, at the time he submitted his Petition, he believed the fifty-three (53) month set-off of his presumptive re-parole date would result in incarceration beyond the end of his sentence.  As part of its response to the Petition, the Commission submitted a computation placing the end of Petitioner's ten (10) year sentence in 2009.  (Resp. to Pet. Ex. 1, Doc. 18.)  After receiving this, Petitioner began to argue, in multiple submissions to the Court, that this computation is wrong and that he is being held beyond the expiration of his sentence.  The Court will address the apparent confusion expressed in Petitioner's objection as well as the Commission's argument that Petitioner's objection refers to his *ex post facto* claim.

> B.     *Computation of Petitioner's Sentence*

Petitioner makes one objection to the R&R: it does not address his contention that he is serving more than the ten (10) year sentence he was given in 1997.  This argument first crystallized in Petitioner's Traverse and he has argued it with increasing vehemence in each submission to the Court.

He argues in his Petition, in the midst of his *ex post facto* claim, that his time already served plus the fifty-three (53) month set-off of his presumptive re-parole date (resulting from the 2004 and 2005 Commission decisions) amounted to more time than his sentence.  (Pet. 20, Doc. 1.)  Petitioner later received the Commission's Response and exhibits, including a computation of his sentence placing the expiration of his full term at December 19, 2009.  (Resp. to Pet. Ex. 1, Doc. 18.)  He then argues in his Traverse that the Commission acted outside its authority by giving this date because it "fail[s] to recognize that...1997 through 2009, amounts to 12 years."  (Traverse 9, Doc. 23.)  He repeats this argument in numerous letters to the Court and finally in his

Objections to the R&R, maintaining that his maximum term expired in 2007. (Docs. 24, 25, 26, 27, 28, 34.)

Respondent states that the Commission first paroled Petitioner on November 1, 2000 and revoked this earlier parole by a Notice of Action dated March 12, 2003. (Resp. to Pet. 2 n. 1, Doc. 18.) Respondent further states that the Notice of Action ordered no credit be given for time spent on parole and ordered re-parole effective May 13, 2003. This assertion is supported by a sentence computation report submitted by Respondent, which reflects that Petitioner's sentence was previously recalculated and a new sentence imposed for 2393 days based on the execution of a parole violator warrant. (*Id.* Ex. 1.) This first parole from November 2000 to March 2003, for which Petitioner received no credit towards his D.C. sentence, seems to be the source of the years Petitioner believes he is unlawfully serving over his ten (10) year sentence. However, in his Traverse, Petitioner asserts he was not in fact paroled during that time.[2] (Traverse 2-3.)

As Respondent notes in its Response, Petitioner did not take issue with his first parole and parole revocation in his Petition. (Resp. to Pet. 2 n. 1, Doc. 18.)

---

[2] A letter dated January 22, 2006 from Petitioner to the Commission may help to shed some light on this apparent confusion. He writes:

> [N]othing has been done about my max. date. You have it wrong. I state before while a D.C. inmate I made parole and was sent directly to a state prison in Pennsylvania where I did 18 months before [sic] paroled to the streets. It is not street time do [sic] to I was not on the streets. My max date is August 4th 2007 not 2009.

(Resp. to Pet. Ex. 14, Doc. 18.) There seems to be a period during which Petitioner was incarcerated and believes he was serving his D.C. sentence but was not, according to the Commission.

7

After reviewing Petitioner's subsequent submissions, It seems clear that he did not take issue with it because he did not realize that it provides the basis for the length of his current sentence, due to end in 2009. Nonetheless, because Petitioner did not challenge his March 2003 parole revocation in his Petition, the Court cannot now consider the issue. *Cf. Krysztoforski v. Chater*, 55 F.3d 857, 860-61 (3d Cir. 1995) (declining to consider issue raised for the first time on appeal).[3] Magistrate Judge Blewitt's R&R addresses the claims raised in the Petition and Petitioner's objection does not challenge any finding or recommendation he makes. Consequently, the Court will not consider his argument that he is serving more than his ten (10) year sentence.

    B.    *Ex Post Facto Claim*

Respondent acknowledges Petitioner's objection that his sentence has been illegally increased from ten (10) to over twelve (12) years, but argues that this simply rehashes his *ex post facto* claim challenging the 2004 and 2005 Notices of Action that resulted in a fifty-three (53) month set-off of his presumptive re-parole date. While it is true that Petitioner's argument initially surfaced in the context of his *ex post facto* claim,

---

[3] Petitioner can attempt to bring these claims in a new habeas petition. In *Perez Zayas v. INS*, 311 F.3d 247, 255 (3d Cir. 2002), the U.S. Court of Appeals for the Third Circuit held that second or successive petitions filed under § 2241 are not subject to the gatekeeping regime of 28 U.S.C. § 2244(b), which requires a petitioner to apply first to the court of appeals for an order authorizing the district court to consider the petition. The *Perez Zayas* court also held, however, that such a petition under § 2241 may be subject to the rubric of *McCleskey v. Zant*, 499 U.S. 467, 494-95, which defines the circumstances when a successive or subsequent petition constitutes an abuse of the writ, *Perez Zayas*, 311 F.3d at 257-58.

for the reasons given above, the Court believes his objection has a different focus. However, the Court agrees with Respondent that Magistrate Judge Blewitt correctly recommended denial of Petitioner's *ex post facto* claim.

The Ex Post Facto Clause prohibits the enactment of any law that "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990). In his claim, Petitioner challenges the Commission's use of guidelines to make its 2004 revocation and 2005 rescission decisions that were not in effect at the time of his 1997 conviction and sentencing by the D.C. Superior Court. The U.S. Court of Appeals for the Third Circuit has held that the Commission's parole guidelines are "law" within the meaning of the Ex Post Facto Clause if applied without "substantial flexibility," *United States ex rel. Forman v. McCall*, 709 F.2d 852, 862 (3d Cir. 1983). Petitioner makes no allegation nor gives any evidence that the Commission currently applies its guidelines inflexibly. *Cf. United States ex rel. Forman v. McCall*, 776 F.2d 1156, 1163 (3d Cir. 1985) (holding that a twenty-five percent (25%) deviation from guideline ranges was "good evidence" of substantial flexibility).

Even assuming, *arguendo*, that the Commission's guidelines are "law" for ex post facto purposes, Magistrate Judge Blewitt correctly found that Petitioner has not met his burden of establishing that their application to the 2004 revocation and 2005 rescission decisions created a significant risk of increasing his sentence. The Third Circuit Court of Appeals places the burden on the petitioner to show a significant risk of increased punishment that is more than a "speculative and attenuated possibility." *Keitt v. U.S. Parole Comm'n*, 238 Fed App'x 755, 759 (3d Cir. 2007) (*quoting Richardson v. Pa. Bd. of*

9

*Prob. & Parole*, 423 F.3d 282, 288 (3d Cir. 2005)); *see also Jennings v. Hogsten*, No. 06-0679, 2008 WL 191483, at *4 (M.D. Pa. Jan. 22, 2008) ("A habeas petitioner must show that *his* incarceration will be prolonged by application of the new regulations"). As Magistrate Judge Blewitt notes, Petitioner has not put forward any specific allegations that "the use of the revised guidelines resulted in a harsher parole eligibility date than he would have received from the D.C. Board, *i.e.* the change in the guidelines created a significant risk of increasing Petitioner's punishment." (R&R 44, Doc. 29.) He made no showing that his presumptive re-parole date would have been earlier under the D.C. parole regulations in effect at the time of his sentence. Because Petitioner has failed to meet his burden, his *ex post facto* claim must fail. *See Keitt*, 238 Fed App'x at 759-60 (rejecting prisoner's ex post facto claim where he made no specific allegations that application of revised parole guidelines caused a more onerous penalty). For these reasons, the Court will adopt Magistrate Judge Blewitt's recommendation that Petitioner's *ex post facto* claim be denied.

## II. Recommendations Without Objection

Recommendations to which no objections are made are reviewed for clear error. *Cruz*, 990 F. Supp. at 376-77. After rejecting Magistrate Judge Blewitt's first R&R, this Court recommitted him this case for further development of the record to enable review of Petitioner's due process claims, equal protection claim, and FOIA claim. With an expanded record, the Magistrate Judge reviewed Petitioner's claims again and recommends that each be denied. The Court has already considered the *ex post facto* claim in Petitioner's Claim Five above and agrees that it should be dismissed. After

10

review of Petitioner's remaining claims, the Court finds no clear error; will adopt Magistrate Judge Blewitt's recommendations as to Claims One, Two, Three, Four, Six, and Seven; and will dismiss those claims.

## CONCLUSION

Although the Court vacates its June 25, 2008 Order so as to address Petitioner's objection to Magistrate Judge Blewitt's R&R, the Court finds that he does not challenge any finding or recommendation made in the R&R.  After review, the Court adopts the Magistrate Judge's recommendation that all claims be dismissed and the petition denied. Finally, Petitioner's Motion for Relief and/or Action will be denied as moot, as a ruling is here made on his Petition.

An appropriate Order follows.


October 30, 2008                              /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TOM ZANINI,

    Petitioner,

    v.

TROY WILLIAMSON,

    Respondent.

CIVIL ACTION: 3:06-CV-0982

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

## ORDER

**NOW**, this  30th  day of October, 2008, upon review of Magistrate Judge Blewitt's Report and Recommendation (Doc. 29) and Petitioner's Objections to the Report & Recommendation (Doc. 34) **IT IS HEREBY ORDERED** that:

(1) This Court's Order of June 25, 2008 (Doc. 30) is hereby **VACATED**.

(2) Magistrate Judge Blewitt's Report and Recommendation (Doc. 29) is **ADOPTED.**

(3) The Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DENIED.**

(4) Petitioner's Motion for Relief and/or Action (Doc. 32) is **DISMISSED** as moot.

(5) The Clerk of Court is ordered to mark this matter as **CLOSED.**

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge